**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **SANDRA M. LAIRD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 6:26-cv-3208** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CENTENE CORPORATION,** | ) | |
| | ) | |
| **Defendant** | ) | |
| ______________________________ | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Sandra M. Laird, sues Defendant, Centene Corporation, and alleges:

I. Jurisdiction, Venue, and Parties

1. Plaintiff is a resident of Parrish, Manatee County, Florida. She was 59 years old when Defendant terminated her employment on May 8, 2026.

2. Defendant is a Delaware corporation with its principal business address at 7700 Forsyth Boulevard, Missouri 63105, and is registered to conduct business in Florida.

3. Defendant employed Plaintiff in its Change and Release Management operations. Defendant is a private employer engaged in an industry affecting interstate commerce. Defendant is an employer as defined by the Age Discrimination in Employment Act and as referred to in the Florida Civil Rights Act.

4. This Court has federal question jurisdiction under 28 U.S.C. Section 1331 over Plaintiff's claim under the Age Discrimination in

Employment Act, 29 U.S.C. Sections 621 through 634 ("ADEA"), and authority to grant relief under 29 U.S.C. Section 626(c).

5. This Court has supplemental jurisdiction under 28 U.S.C. Section 1367 over Plaintiff's Florida Civil Rights Act ("FCRA") claim because it arises from the same employment relationship, disciplinary process, and termination as her federal claim and forms part of the same case or controversy.

6. Venue is proper under 28 U.S.C. Section 1391(b)(2). Plaintiff worked remotely in Florida and previously worked at Defendant's office at 8725 Henderson Road, Tampa, Florida. A substantial part of the employment events giving rise to this action occurred in this District. The Tampa Division is the division most directly connected to this action through Plaintiff's employment in Tampa and her residence in Manatee County.

7. Plaintiff filed EEOC Charge No. 511-2026-04636, naming Defendant and identifying age discrimination and retaliation. The charge described the discipline, removal of responsibilities, disparate treatment of younger employees, and termination underlying this action. Plaintiff brings this suit within 90 days of receiving the notice of right to sue from the Equal Employment Opportunity Commission.

II. <u>Factual Allegations</u>

8. Before her termination, Plaintiff performed senior Change and Release Management functions for Defendant, including operational support, change review, employee training, and coverage of leadership responsibilities.

9. Plaintiff possessed experience performing these functions and had trained employees in the processes used by her team. Before the supervisory changes and ensuing disciplinary process described below, she

had received favorable performance feedback and had undertaken responsibilities of increasing importance.

10. Defendant selected Plaintiff as its 2025 Living and Leading Our Values Spotlight Grand Prize Winner. During 2025, colleagues also recognized her assistance, collaboration, and contributions through Defendant's Every Day Impact recognition program.

11. When Defendant introduced its Quality Review Program in March 2025, Plaintiff was assigned the highest volume change portfolio. She supported the program's implementation and trained Service Desk employees in its processes during April 2025.

12. In approximately June 2025, Brandee DePrisco became Senior Manager over the Change and Release Management teams. Tiffany Milosevich assumed supervisory responsibility for the Quality Review Program. Plaintiff continued reporting directly to Joris Rapelje until approximately November 17, 2025.

13. On or about November 17, 2025, Defendant reassigned Plaintiff to report to Milosevich, a Service Desk Supervisor, and removed her senior Change Management responsibilities, directing her to perform Quality Review activities.

14. Responsibilities Plaintiff previously performed were distributed among younger Service Desk employees whom she had trained. These employees included Nick O'Rando, a younger Service Desk Analyst who had received training from Plaintiff in April 2025.

15. Under DePrisco and Milosevich, Plaintiff was subjected to scrutiny and discipline that younger team members did not receive for similar conduct. O'Rando was permitted to engage in conduct for which

Plaintiff was criticized and disciplined without receiving comparable consequences.

16. On December 8, 2025, while Milosevich was absent, Plaintiff assigned herself three changes to review in accordance with guidance permitting team members to assign themselves additional work. When Plaintiff notified O'Rando, he questioned her work assignments and previously approved working hours.

17. In January 2026, DePrisco and Milosevich placed Plaintiff on a coaching plan that contemplated weekly meetings with Milosevich.

18. Milosevich did not attend the initially scheduled January 26 coaching meeting. The rescheduled meeting was largely devoted to personal discussion rather than coaching. A subsequent session was rescheduled repeatedly before occurring on February 13, 2026, when DePrisco accused Plaintiff of violating the plan by calling out O'Rando during a team meeting. Plaintiff had raised her hand and waited to be acknowledged before asking her question.

19. On February 20, 2026, Plaintiff reported concerns about her managers' treatment to Employee Relations. She met with Employee Relations Analyst Cicely Inge on February 24, provided a written summary, and submitted a revised summary on February 26 identifying colleagues who could corroborate her concerns.

20. On March 2, 2026, Defendant assigned Plaintiff to serve as Captain of the Producer POD, a work group of three to four employees. Her responsibilities included ensuring that the group's changes were reviewed and approved before deployment.

21. On March 3, 2026, Plaintiff notified Milosevich through Teams about operational issues within the group, including communication about employee availability and the need for additional training and support.

22. On March 5, 2026, Milosevich criticized Plaintiff's communications with group members, removed her Captain responsibilities, and directed her to complete communication training. Plaintiff completed the assigned training.

23. On March 6, 2026, DePrisco and Milosevich placed Plaintiff on a Last Chance Agreement. It criticized her for monitoring coworkers' workload and availability, questioning their work quality, and communicating in a manner management characterized as demeaning or dismissive. It further asserted that her conduct exceeded her assigned responsibilities, notwithstanding her recent assignment to oversee the group's review and approval work.

24. After that meeting, Plaintiff requested additional time off to address anxiety and attend to her mother's surgery. When she returned on March 16, 2026, Defendant had further reduced her responsibilities to Quality Review duties under a Service Desk Analyst.

25. At Plaintiff's March 17, 2026 annual review meeting, Milosevich assigned her an overall rating of Inconsistent Performance, despite having directly supervised her for only a limited portion of the period being evaluated and despite the recognition and responsibilities described above.

26. Plaintiff challenged the Last Chance Agreement through Employee Relations, including a March 24, 2026 dispute. She supplied the Producer POD Teams history, disputed management's description of her conduct, and repeatedly requested supporting examples. Human Resources

and Employee Relations did not provide the requested examples and declined to remove the agreement from her record.

27. On May 8, 2026, DePrisco informed Plaintiff during a Teams meeting attended by Milosevich that Defendant was terminating her employment. DePrisco declined to provide a detailed explanation during the meeting.

28. Plaintiff lost wages and employment benefits because of her termination. She also experienced emotional distress associated with the treatment and termination described above and sought therapy through Defendant's Spring Health program.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 4, 6 through 18, and 20 through 28 of this Complaint as though fully set forth herein.

30. This count arises under 29 U.S.C. Section 623(a)(1) and challenges Defendant's discriminatory discharge of Plaintiff. Plaintiff was within the age group protected by 29 U.S.C. Section 631(a) and was qualified to continue performing her work, as demonstrated by her performance of senior functions, training responsibilities, operational assignments, and company recognition.

31. Defendant terminated Plaintiff because of her age. The transfer of her responsibilities to younger employees, materially different discipline of younger employees, and use of the disputed disciplinary process to end her employment support the inference that the asserted performance

concerns were a pretext for age discrimination. But for Plaintiff's age, Defendant would not have terminated her employment.

32. As a direct result of Defendant's violation, Plaintiff suffered lost wages and employment benefits and is entitled to the legal and equitable relief authorized by 29 U.S.C. Section 626(b) and (c).

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 3, 5 through 6, 8 through 18, and 20 through 28 of this Complaint as though fully set forth herein.

34. This count arises under Section 760.10(1)(a), Florida Statutes, and challenges Defendant's discriminatory discharge of Plaintiff. Defendant was Plaintiff's employer within the meaning of Section 760.02(7), Florida Statutes. Plaintiff's experience performing the work, responsibility for training others, and company recognition demonstrated her qualifications to continue in her employment.

35. Defendant discharged Plaintiff because of her age, using the disputed disciplinary process while treating younger employees more favorably and assigning them responsibilities she previously performed. But for Plaintiff's age, Defendant would not have terminated her employment.

36. As a direct result of Defendant's violation, Plaintiff suffered lost wages and employment benefits, mental anguish, and loss of dignity, for which she seeks the relief authorized by Section 760.11(5), Florida Statutes.

## COUNT III:
## RETALIATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 4, 6, 19, and 23 through 28 of this Complaint as though fully set forth herein.

38. This count arises under 29 U.S.C. Section 623(d). Before her termination, Plaintiff opposed what she believed to be age discrimination by reporting to Employee Relations that she was singled out and disciplined while younger coworkers engaged in similar conduct without comparable discipline. Plaintiff provided a written summary of her concerns and later disputed the Last Chance Agreement through Employee Relations.

39. Defendant knew of Plaintiff's complaints. After those complaints, Defendant maintained the Last Chance Agreement, reduced Plaintiff's responsibilities, and terminated her employment. These actions would dissuade a reasonable employee from raising a discrimination concern.

40. Defendant took these actions because Plaintiff opposed age discrimination. The timing and sequence of her complaints, the continued disciplinary actions, and her termination support a causal connection between her protected opposition and the adverse actions.

41. As a direct result of Defendant's retaliation, Plaintiff suffered lost wages and employment benefits and is entitled to the relief authorized by 29 U.S.C. Section 626(b) and (c).

## COUNT IV: RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 3, 5 through 6, 19, and 23 through 28 of this Complaint as though fully set forth herein.

43. This count arises under Section 760.10(7), Florida Statutes. Before her termination, Plaintiff opposed what she believed to be age discrimination by reporting to Employee Relations that she was singled out and disciplined while younger coworkers engaged in similar conduct without comparable discipline. Plaintiff provided a written summary of her concerns and later disputed the Last Chance Agreement through Employee Relations.

44. Defendant knew of Plaintiff's complaints. After those complaints, Defendant maintained the Last Chance Agreement, reduced Plaintiff's responsibilities, and terminated her employment. These actions would dissuade a reasonable employee from raising a discrimination concern.

45. Defendant took these actions because Plaintiff opposed age discrimination, in violation of the Florida Civil Rights Act. As a direct result, Plaintiff suffered lost wages and employment benefits and mental anguish, for which she seeks the relief authorized by Section 760.11(5), Florida Statutes.

Prayer for Relief

37. Plaintiff requests judgment against Defendant on each count and an award of the following relief, without duplicate recovery:

a. Back pay, lost employment benefits, and other lost employment compensation recoverable under the respective statutes, less legally required offsets;
b. Front pay in lieu of reinstatement if the Court determines that reinstatement is inappropriate and front pay is warranted;
c. Compensatory damages under Count II and IV for mental anguish, loss of dignity, and other proven injuries compensable under the Florida Civil Rights Act;
d. Reasonable attorney's fees and taxable costs as authorized by the respective statutes;
e. Prejudgment interest to the extent authorized and postjudgment interest as provided by law; and
f. Such other legal or equitable relief as the Court determines appropriate under the respective statutes.

Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: October 21, 2026

Respectfully submitted,

MIHOK LAW
1401 East 22nd Avenue
Tampa, Florida 33605
(813) 248-6400
melissa@mihoklaw.us
Secondary: jordan@mihoklaw.us

Attorney for Plaintiff

______________________________
Melissa C. Mihok, Esq.
Florida Bar No. 555851